Goldsmith & Hull APC
William I. Goldsmith (SBN 82183)
Stephen R. Goldsmith (SBN 291555)
16933 Parthenia Street, Suite 110
Northridge, CA 91343
P: 818-990-6600
F: 818-990-6140
E: govdept1@goldsmithcalaw.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>        Plaintiff,<br><br>vs.<br><br>**JUAN CARLOS URIBE,**<br><br>        Defendant | Case No.: 2:21-cv-09063<br><br>COMPLAINT FOR RECOVERY OF CIVIL MONETARY FORFEITURE PENALTY |

## COMPLAINT FOR RECOVERY OF CIVIL MONETARY FORFEITURE PENALTY

Plaintiff, the United States of America ("United States"), by and through the undersigned Assistant United States Attorney for the Central District of California, brings this action for the recovery of a monetary forfeiture penalty of $15,000.00

COMPLAINT FOR RECOVERY OF CIVIL MONETARY FORFEITURE PENALTY - 1

against Defendant, Juan Carlos Uribe ("Defendant"). In support thereof, the United States alleges as follows:

## Nature of Action

1. Pursuant to the Communications Act of 1934, 47 U.S.C. § 504(a), the United States brings this civil action against Defendant to enforce a Forfeiture Order issued by the Federal Communications Commission ("FCC" or "Commission") on August 6, 2018, assessing a monetary forfeiture against Defendant. See Exhibits "1" through "21".

## Jurisdiction and Venue

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1345 and 1355, and 47 U.S.C. § 504(a).

3. Venue is proper in the Central District of California pursuant to 28 U.S.C. §§ 1355(b), 1391(b), and 1395(a) and 47 U.S.C. § 504(a), because Defendant resides in Burbank, California, and the acts or omissions giving rise to this forfeiture action occurred in Van Nuys, California.

## Parties

4. Plaintiff is the United States of America.

5. The FCC is an independent federal regulatory agency created by Congress to regulate intrastate, interstate, and foreign radio communications pursuant to the Communications Act of 1934, as amended ("Act"), 47 U.S.C. § 151 *et seq.*

6. Defendant is a resident of Burbank, California, a location within this District.

## STATUTORY AND REGULATORY BACKGROUND

7. Section 301 of the Act, 47 U.S.C. § 301, prohibits the operation of any apparatus for the transmission of energy, communications, or signals by radio from one place in the United States to another place in the United States, except under and in accordance with the Act and with a license for that purpose granted under the provisions of the Act.

8. Pursuant to 47 U.S.C. § 301, the intentional transmission of radio frequency signals must be made pursuant to an individual license granted by the FCC. However, under section 15.239 of the FCC's Rules, 47 C.F.R. § 15.239, the transmission of radio frequency signals in the 88-108 MHz band is exempted from the license requirement if the field strength of the signals does not exceed 250 microvolts per meter ("µV/m") at a distance of three meters from the transmitting antenna.

9. Pursuant to section 503(b) of the Act, 47 U.S.C. § 503(b), any person whom the FCC determines to have willfully or repeatedly failed to comply with the provisions of Chapter 5, Title 47 of the United States Code or any rule, regulation or order issued by the FCC shall be liable to the United States for a forfeiture penalty.

COMPLAINT FOR RECOVERY OF CIVIL MONETARY FORFEITURE PENALTY - 3

10. Section 312(f)(1) of the Act, which applies to violations for which forfeitures are assessed under section 503(b), provides that "[t]he term 'willful,' when used with reference to the commission or omission of any act, means the conscious and deliberate commission or omission of such act, irrespective of any intent to violate any provision of this chapter or any rule or regulation of the Commission authorized by this chapter…." 47 U.S.C. § 312(f)(1). Section 312(f)(2) of the Act, which also applies to violations for which forfeitures are assessed under section 503(b), provides that "[t]he term 'repeated,' when used with reference to the commission or omission of any act, means the commission or omission of such act more than once, or, if such commission or omission is continuous, for more than one day." 47 U.S.C. § 312(f)(2).

11. As relevant here, no forfeiture penalty shall be imposed against a person by the FCC unless and until

   (A) the Commission issues a notice of apparent liability, in writing, with respect to such person;

   (B) such notice has been received by such person, or until the Commission has sent such notice to the last known address of such person, by registered or certified mail; and

   (C) such person is granted an opportunity to show, in writing . . . why no such forfeiture penalty should be imposed.

COMPLAINT FOR RECOVERY OF CIVIL MONETARY FORFEITURE PENALTY - 4

47 U.S.C. § 503(b)(4).

12. Pursuant to section 503(b)(2)(E) of the Act, 47 U.S.C. § 503(b)(2)(E), in determining the amount of a forfeiture penalty, the FCC "shall take into account the nature, circumstances, extent, and gravity of the violation and, with respect to the violator, the degree of culpability, any history of prior offenses, ability to pay, and such other matters as justice may require."

13. Section 1.80 of the FCC's Rules provides the amounts of forfeiture penalties which the FCC may impose for violations. 47 C.F.R. § 1.80. The FCC has also issued its *Forfeiture Policy Statement and Amendment of Section 1.80 of the Rules to Incorporate the Forfeiture Guidelines*, 12 FCC Rec. 17087 (1997), *recons. denied*, 15 FCC Rec. 303 (1999). Section 1.80(b) sets a base forfeiture of $10,000 for operation without an instrument of authorization. Section 1.80(b) and the *Forfeiture Guidelines* allow the FCC to adjust a forfeiture upward for violations that are egregious, intentional, or repeated, or that cause substantial harm or generate substantial economic gain for the violator.

14. The FCC's forfeiture penalties are "payable into the Treasury of the United States" and are "recoverable . . . in a civil suit in the name of the United States" prosecuted by "the United States attorneys, under the direction of the Attorney General of the United States[.]" 47 U.S.C. § 504(a).

COMPLAINT FOR RECOVERY OF CIVIL MONETARY FORFEITURE PENALTY - 5

## THE VIOLATION

15. On October 4, 2016, in response to a complaint, an agent from the FCC Enforcement Bureau's Los Angeles Field Office ("Los Angeles Office") used direction-finding techniques to trace the source of radio frequency transmissions on the frequency 101.5 MHz to a commercial building located at 7335 Van Nuys Boulevard in Van Nuys, California.

16. The agent measured the signal strength of the station's signal and determined that the signal on the 101.5 MHz frequency exceeded the limits for operation under Part 15 of the FCC's Rules, and, therefore, required a license.

17. The agent consulted FCC records and confirmed that the FCC had not authorized an FM broadcast station to operate on 101.5 MHz at or near the building located at 7335 Van Nuys Boulevard in Van Nuys, California.

18. The agent also inspected the property, spoke with Defendant, reviewed Defendant's identification, and noted his residential address. The agent hand-delivered a Notice of Unlicensed Operation (NOUO) to Defendant while he was on the property, which Defendant signed to acknowledge his receipt of the NOUO.

19. In addition, the agent also sent a NOUO, dated October 21, 2016, to Defendant at his residential address in Burbank, California via United Parcel Service

COMPLAINT FOR RECOVERY OF CIVIL MONETARY FORFEITURE PENALTY - 6

(UPS). On November 1, 2016, Defendant signed the UPS delivery receipt, indicating that he received the October 21 NOUO.

20. Defendant did not respond to the October 4 NOUO or the October 21 NOUO.

21. In November and December 2016, the complainant who reported the unauthorized station on 101.5 MHz contacted the Los Angeles Office again to report that a station was operating on 95.1 MHz from the same location in Van Nuys, California, with what appeared to be an identical format to the station that previously operated on 101.5 MHz.

22. On December 17, 2016, an agent from the Los Angeles Office investigated the complaints and found that Defendant was operating a radio station on 95.1 MHz from 7335 Van Nuys Boulevard, Van Nuys, California, the same location that the agent inspected on October 4, 2016.

23. The agent measured the signal strength of the station's signal and determined that the signal on the 95.1 MHz frequency exceeded the limits for operation under Part 15 of the FCC's Rules, and, therefore, required a license.

24. The agent consulted FCC records and confirmed that the FCC had not authorized an FM broadcast station to operate on 95.1 MHz at or near the building located at 7335 Van Nuys Boulevard in Van Nuys, California.

COMPLAINT FOR RECOVERY OF CIVIL MONETARY FORFEITURE PENALTY - 7

25. As part of the investigation the agent asked Defendant for identification. Defendant produced his state driver's license, which identified Defendant's residential address in Burbank, California.

26. The agent issued and hand-delivered another NOUO to Defendant, which he signed.

27. During the December 17, 2016 investigation, in the presence of the agent, Defendant turned off the station.

28. The agent also sent a NOUO dated December 21, 2016, to Defendant at his residential and business addresses. UPS confirmed delivery of the NOUO.

29. Defendant did not respond to the December 17 NOUO or the December 21 NOUO.

30. On or about November 21, 2017, the FCC's Enforcement Bureau issued a Notice of Apparent Liability for Forfeiture ("NAL") to Defendant, proposing a monetary forfeiture of $15,000.00 against Defendant for his apparent willful and repeated operation of an unlicensed and unauthorized radio station in violation of section 301 of the Act, 47 U.S.C. § 301. *Juan Carlos Uribe*, Notice of Apparent Liability for Forfeiture, 32 FCC Rcd 9515 (EB 2017). The $15,000 penalty comprises a base forfeiture of $10,000 for Defendant's violation of Section 301 of the Act by operating an unlicensed and unauthorized station and an upward adjustment of $5,000 for the continued operation of an unlicensed

COMPLAINT FOR RECOVERY OF CIVIL MONETARY FORFEITURE PENALTY - 8

station after receiving repeated written notice that his action violated the Act, demonstrating a deliberate disregard for the FCC's authority and requirements. The NAL ordered Defendant to pay the full amount of the proposed forfeiture, or to file a written statement seeking reduction or cancellation of the proposed forfeiture, within 30 days of the date of the NAL.

31. On or about November 21, 2017, the FCC sent a copy of the NAL to Defendant at his last known address (his Burbank, California, residence) by First Class Mail, and Certified Mail, return receipt requested, as required under the Act. 47 U.S.C. § 503(b)(4)(B). The FCC sent additional copies of the NAL by UPS to Defendant's Burbank, California, residence and the station's transmission site in Van Nuys, California. The copy of the NAL sent via Certified Mail was returned to the FCC as unclaimed on January 3, 2018, but the copy of the NAL sent by First Class Mail was not returned to the FCC. The UPS tracking data shows that the copy sent to the Burbank, California, residence was left at the front door, and someone other than Defendant signed for the copy sent to the station's transmission site in Van Nuys, California. A copy of the NAL is attached as Exhibit "18".

32. Defendant did not file a response to the NAL.

33. On or about August 6, 2018, the FCC's Enforcement Bureau issued a Forfeiture Order against Defendant, directing him to pay a monetary forfeiture penalty in

COMPLAINT FOR RECOVERY OF CIVIL MONETARY FORFEITURE PENALTY - 9

the amount of $15,000.00 for his willful and repeated violation of section 301 of the Act, 47 U.S.C. § 301. *Juan Carlos Uribe*, Forfeiture Order, 33 FCC Rcd 8041 (EB 2017). The FCC sent a copy of the Forfeiture Order to Defendant by First Class Mail and Certified Mail, return receipt requested. The copy of the Forfeiture Order sent via Certified Mail was returned to the FCC on September 5, 2018, but the copy sent by First Class Mail was not returned to the FCC. A copy of the Forfeiture Order is attached as Exhibit "19".

## DEMAND FOR PAYMENT

34. The Forfeiture Order provided that if Defendant did not pay the forfeiture within 30 days of the release of the forfeiture, *i.e.*, by September 5, 2018, the case could be referred to the Department of Justice for enforcement.

35. On or about July 19, 2019, the FCC sent Defendant a letter requesting full payment of the forfeiture within 30 days. A copy of the July 19, 2019, letter is attached as Exhibit "20".

36. Despite due demand, Defendant has not paid the forfeiture.

37. A Certificate of Forfeiture is attached as Exhibit "21".

## Count I – Claim for Enforcement of Forfeiture Penalty

38. The United States incorporates and re-alleges herein paragraphs 1 through 37.

//

COMPLAINT FOR RECOVERY OF CIVIL MONETARY FORFEITURE PENALTY - 10

39. Defendant willfully and repeatedly violated section 301 of the Act. 47 U.S.C. § 301, by operating an unlicensed and unauthorized radio station on the frequency 101.5 MHz and 95.1 MHz in Van Nuys, California.

40. By reason of the foregoing, Defendant is liable to the United States for a forfeiture penalty pursuant to 47 U.S.C. § 503(b), section 1.80 of the FCC's Rules, 47 C.F.R. § 1.80, and the FCC's *Forfeiture Policy Statement and Amendment of Section 1.80 of the Rules to Incorporate the Forfeiture Guidelines*, 12 FCC Rcd. 17087 (1997), *recon denied*, 15 FCC Rcd. 303 (1999).

41. Demand has been made upon Defendant by Plaintiff for the sum due, but the amount due remains unpaid.

42. Through this action, the United States demands payments from Defendant for a forfeiture penalty in the amount of $15,000.00.

WHEREFORE, Plaintiff demands judgment against Defendant, as follows:

//
//
//
//
//
//
//
//

COMPLAINT FOR RECOVERY OF CIVIL MONETARY FORFEITURE PENALTY - 11

a. Judgment in the amount of $15,000.00;

b. Interest from the date of judgment at the legal rate in effect on the date of judgment, pursuant to 28 U.S.C. § 1961;

c. Costs and disbursements incurred by Plaintiff in this action; and

d. Such other further relief that the Court may deem just and proper.

DATE: __11/18__, 2021

Respectfully submitted,

_____
William I. Goldsmith
Stephen R. Goldsmith
Attorney for Plaintiff

COMPLAINT FOR RECOVERY OF CIVIL MONETARY FORFEITURE PENALTY - 12