O

# United States District Court
# Central District of California

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JUAN CARLOS URIBE,<br><br>　　　　　Defendant. | Case № 2:21-cv-09063-ODW (MAAx)<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT [27]** |

## I.  INTRODUCTION

Plaintiff United States of America (the "Government") brought this action to enforce, pursuant to 47 U.S.C. § 503(b), a forfeiture order imposed by the Federal Communications Commission (the "FCC") against Defendant Juan Carlos Uribe for having operated an unlicensed radio station.  (Compl. ¶ 9, ECF No. 1.)  The Government now moves for default judgment against Uribe.  (*See* Mot. Default J. ("Mot." or "Motion"), ECF No. 27.)  For the following reasons, the Court **GRANTS** the Motion.[1]

---

[1] After carefully considering the papers filed in support of the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND

On August 6, 2018, the FCC issued a Forfeiture Order against Uribe, directing him to pay a monetary forfeiture penalty of $15,000 for his operation of an unlicensed radio station, because of "his willful and repeated violation of section 301 of the Act, 47 U.S.C. § 301." (Compl. ¶ 33.)  The Forfeiture Order provided that if Uribe did not pay the penalty within thirty days, the case could be referred to the Department of Justice for enforcement. (*Id.* ¶ 34.)  Uribe did not pay the penalty, and therefore became liable to the United States for such penalty pursuant to 47 U.S.C. § 503(b), section 1.80 of the FCC's Rules, 47 C.F.R § 1.80, and the FCC's *Forfeiture Policy Statement and Amendment of Section 1.80 of the Rules to Incorporate the Forfeiture Guidelines*, 12 FCC Rcd. 17087 (1997), *reconsid. denied*, 15 FCC Rcd. 303 (1999). (*Id.* ¶ 40.)

On November 18, 2021, the Government filed this action seeking to enforce the FCC's Forfeiture Order against Uribe. (*Id.* ¶¶ 38–42.)  On December 6, 2021, the Government properly served Uribe with a copy of the complaint and summons. (Proof Service, ECF No. 15.)  Accordingly, Uribe had until December 27, 2021 to file a responsive pleading. *See* Fed. R. Civ. P. 12(a).  To date, however, Uribe has not appeared in this action.  Therefore, on April 4, 2022, upon the Government's request, the Clerk of the Court entered default against Uribe. (Entry Default, ECF No. 17.)  Now, the Government moves to enforce the forfeiture penalty by way of an unopposed motion for default judgment. (*See* Mot.)

## III. LEGAL STANDARD

Federal Rule of Civil Procedure ("Federal Rule") 55(b) authorizes a district court to grant a default judgment after the Clerk enters default under Rule 55(a). Fed. R. Civ. P. 55(b).  Generally, after the Clerk enters default, the defendant's liability is conclusively established, and the well-pleaded factual allegations in the complaint are accepted as true, except those pertaining to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam) (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)).

Before a court can enter a default judgment against a defendant, the plaintiff must satisfy the procedural requirements set forth in Federal Rules 54(c) and 55, as well as Local Rule 55-1. Local Rule 55-1 requires that the movant submit a declaration establishing: (1) when and against which party default was entered; (2) identification of the pleading to which default was entered; (3) whether the defaulting party is a minor or incompetent person; (4) that the Servicemembers Civil Relief Act, 50 U.S.C. § 3931, does not apply; and that (5) the defaulting party was properly served with notice, if required under Federal Rule 55(b)(2). C.D. Cal. L.R. 55-1.

If these procedural requirements are satisfied, a district court has discretion to enter default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). "[A] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc., v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002). In exercising discretion, a court considers several factors (the "*Eitel* Factors"):

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the [Rules] favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). However, the Court need not make detailed findings of fact in the event of a default judgment. *See Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir. 1990).

## IV. DISCUSSION

First, the Government meets all procedural requirements for obtaining default judgment against Uribe. On April 4, 2022, after Uribe failed to file a responsive pleading or otherwise appear, the Clerk entered default against Uribe. (*See* Entry Default.) Accordingly, the Government was not required to serve Uribe with the instant Motion. *See* Fed. R. Civ. P. 55(b)(2). Moreover, the Government's counsel declares that Uribe is not a minor, incompetent person, or otherwise exempt under the Service

Members Civil Relief Act. (Decl. William I. Goldsmith ¶ 4, ECF No. 27-4.) For these reasons, the Court finds the procedural requirements are satisfied, and now considers the *Eitel* factors. *See* C.D. Cal. L.R. 55-1.

The Court finds that, on balance, the *Eitel* factors favor granting the Government's Motion. Under the first *Eitel* factor, courts consider the prejudice a plaintiff will suffer if a default judgment is not entered. *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177; *Eitel*, 787 F.2d at 1471–72. Because Uribe has not responded to the complaint or otherwise appeared, the Government would be left without recourse for enforcement of the forfeiture penalty if the Court does not grant default judgment. *See United States v. Broaster Kitchen, Inc.*, No. CV1409421-MMM (PJWx), 2015 WL 4545360, at *4 (C.D. Cal. May 27, 2015) (explaining that denial of default judgement results in prejudice when it leaves a plaintiff without recourse to recover). Therefore, the first *Eitel* factor weighs in favor of granting default judgement.

Under the second and third *Eitel* factors, courts assess the substantive merit of the movant's claims and sufficiency of the pleading, and accordingly, requires the movant to "state a claim on which [it] may recover." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1175 (quoting *Kloepping v. Fireman's Fund*, No. C 94-2684 TEH, 1996 WL 75314, at *2 (N.D. Cal. Feb. 13, 1996)); *see also Discovery Commc'ns, Inc. v. Animal Planet*, 172 F. Supp. 2d 1282, 1288 (C.D. Cal. 2001). Here, the Government alleges that on two separate occasions, FCC agents found Uribe had violated 47 U.S.C. § 301, which requires broadcast stations to be licensed depending on the strength of the radio frequency signals emitted. (Compl. ¶¶ 7–8, 15–24.) The Government also alleges that on both occasions, the FCC agents issued, hand delivered, and mailed to Uribe a copy of the Notice of Unlicensed Operation detailing his violations. (*Id.* ¶¶ 26–28.) Subsequently, the FCC's Enforcement Bureau issued a Notice of Apparent Liability ("NAL") for Forfeiture to Uribe for violating section 301 of the Act, which was sent to Uribe's last known address. (*Id.* ¶¶ 30–31.) After Uribe failed to timely object to the NAL, the FCC issued the Forfeiture Order against Uribe, directing him to pay the

$15,000 penalty. (*Id.* ¶ 39.) The FCC's Forfeiture Order corroborates these factual allegations. (*See* Mot. Ex. 1, ECF. No. 27-1.) Because the Government's claim against Uribe is meritorious and the complaint contains well-pleaded allegations supported by the FCC's Forfeiture Order, the second and third *Eitel* factors weigh in favor of default judgment. *See United States v. Roof Guard Roofing Co.,* No. 17-CV-02592-NC, 2017 WL 6994215 at *2 (N.D. Cal. Dec. 14, 2017).

Under the fourth *Eitel* factor, courts consider "the amount of money at stake in relation to the seriousness of the Defendant's conduct." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1176. "Default judgment is disfavored when a large amount of money is involved and is unreasonable in light of the potential loss caused by the defendants' actions." *Great Am. Ins. Co. v. Am. Hous. Grp., Inc.*, No. CV-14-2368-R, 2015 WL 13284948, at *2, (C.D. Cal. Nov. 17, 2015) (citing *Vogel v. Rite Aid. Corp.*, 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014)). Here, the Government seeks $15,000, which includes $10,000 for Uribe's operation of an unlicensed station without an instrument of authorization, and $5,000 for the continued operation of such station after receiving repeated written notice of the violations at issue. (Compl. ¶¶ 13, 30.) These figures were determined based on 47 C.F.R. section 1.80, which provides the amount of forfeiture penalties the FCC may impose for violations. *See* § 1.80(b). The Court finds the requested monetary penalty is reasonable for the purpose of granting default judgment, and accordingly, the fourth *Eitel* factor weighs in favor of granting default judgment.

Under the fifth *Eitel* factor, courts consider the possibility that material facts may be in dispute. *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. Courts "may assume the truth of well-pleaded facts in the complaint (except as to damages) following the clerk's entry of default." *J & J Sports Prods., Inc., v. Torres*, No. CIV S-10-3012 JAM, 2011 WL 999199, at *5 (E.D. Cal. Mar. 17, 2011). As Uribe has failed to respond to the complaint, the Court accepts the Government's allegations as true. Therefore, the fifth *Eitel* factor weighs in favor of granting default judgment.

Under the sixth *Eitel* factor, courts assess whether the defendant's default may have been the product of excusable neglect. *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. "This factor favors default judgment when the defendant has been properly served." *Wecosign, Inc., v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012). Here, the Government properly served Uribe, ostensibly placing him on notice of this action. (*See* Proof Service.) The sixth *Eitel* factor therefore favors default judgment.

Under the final *Eitel* factor, courts consider their policy of deciding cases on the merits. However, "this preference, standing alone, is not dispositive." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. Because Uribe failed to appear or otherwise respond to the Government's complaint, "a decision on the merits [is] impractical, if not impossible." *Id.* Accordingly, the final *Eitel* factor weighs in favor of default judgement

As all the *Eitel* factors favor default judgment, the Court finds that such judgment is appropriate. Accordingly, the Court further concludes that the Government's request of judgment in the amount of $15,000 plus costs does not "differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c); (Mot. ¶ 6; Compl. ¶ 42.) Accordingly, forfeiture of this penalty to the Government is proper.

## V.   CONCLUSION

For the reasons discussed above, the Court **GRANTS** the Government's Motion for default judgment against Uribe. (ECF. No. 27.) The Court will issue Judgment consistent with this Order.

**IT IS SO ORDERED.**

August 9, 2022

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**